10 CV 8879

JS 44C/SDNY
REV. 5/2010

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**

Ann Johnson and Connie Johnson

**DEFENDANTS**

Calvary Portfolio Services, LLC

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**

M. Harvey Rephen & Associates, P.C.
708 3rd Avenue, 6th flr, New York, NY 10017   212-796-0930

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC 1692e-preface, 15 USC 1692 e(11), 15 USC 1692f-preface, 15 USC 1692 c(b), 15 USC 1692d preface and (6)

Has this or a similar case been previously filed in SDNY at any time? No? [✓]  Yes? [ ]   Judge Previously Assigned _____

If yes, was this case  Vol.[ ]  Invol.[ ]  Dismissed. No[ ]  Yes[ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)       NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

ACTIONS UNDER STATUTES

CIVIL RIGHTS
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

PRISONER PETITIONS
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[X] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

_Check if demanded in complaint:_

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER_____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

_Check YES only if demanded in complaint_
JURY DEMAND: [✓] YES  [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)     **ORIGIN**

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)     **BASIS OF JURISDICTION**     *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Ann Johnson and Connie Johnson
1 Apple Blossom Lane
Voorheesville, New York 12186
Albany County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Calvary Portfolio Services, LLC
7 Skyline Drive
Hawthorne, New York 10532
Westchester County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:  [ ] WHITE PLAINS   [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 11-23-10    SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. May  Yr. 2009)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ MAG. JUDGE FRANCIS so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

10 CV 8879

JUDGE JONES

Ann Johnson and Connie Johnson )
)
*Plaintiff* )
v. ) Civil Action No.
Calvary Portfolio Services, LLC )
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Calvary Portfolio Services, LLC
7 Skyline Drive
Hawthorne, New York 10532

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   M. Harvey Rephen & Associates P.C.
708 3rd Avenue, 6th Floor
New York, New York 10017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: NOV 24 2010

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANN JOHNSON and CONNIE JOHNSON.

                Plaintiff(s),

    -against-

CALVARY PORTFOLIO SERVICES, LLC

               Defendant(s).
------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs ANN JOHNSON and CONNIE JOHNSON ("<u>Plaintiffs</u>"), by and through their attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant CALVARY PORFOLIO SERVICES, LLC hereinafter referred to as <u>Defendant(s)</u>", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2. Plaintiffs are resident of both Florida and New York with an address at 1 Apple Blossom Lane, Voorheesville, N.Y. 12186.

3. Defendant Calvary has a New York office at 7 Skyline Dr., Hawthorne, N.Y. 10532.

4. The Defendant is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt on behalf of Dillard's.

9.  The Defendant engaged in an outrageous and abusive campaign of harassment against the Plaintiff in violation of 15 USC §1692d - preface.

10. The Defendant started calling the Plaintiff concerning an alleged consumer debt since at least July 2010. The Defendant called numerous times from 602.667.0128.

11. The Defendant over a course of several months starting in approximately June of 2010 called the Plaintiff's repeatedly at their home, and places of employment on both their cell, house, work phones as well as the phones of friends and relatives.

12. The Defendant's debt collector Julie Ortega was repeatedly requested to cease and desist calling the Plaintiff's at their places of employment as they were not allowed to take calls during work hours, and that it was an inconvenient time and place for calls to be.

13. The Defendant in spite of being repeatedly requested not to call at work continued to harass, abuse and oppress the Plaintiff's on an almost daily basis, thereby violating 15 USC §1692d - preface. Which prohibits a debt collector from engaging in conduct with the natural consequence of which is to harass, oppress and abuse any person in connection with the collection of a debt.

14. The Defendant further called the Plaintiff Ann Johnson while she was at work on the 20th of September 2010. The Plaintiff recorded this call. The Defendant in response to the Plaintiff's question: "And your going to continue to harass me is that correct?" stated "Yes, I'm trying to get the bill paid." Admitting to harassing the Plaintiff, and admitting to continuing to do so in the future. Thereby violating 15 USC §1692d –preface prohibiting a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.

15. The Defendant further violated 15 USC §1692e – preface and e(10) when the Plaintiff again stated :"I'm at work and your harassing me.", "Do not call me again". To which the Defendant replied: "I'm going to call, I'm going to do my job, why don't you guys pay your bills and you won't have the phone calls."

16. The Defendant immediately after this phone called, called Plaintiff Connie Johnson at his work place and talked to an employee. The employee told the Defendant to stop calling and harassing the business.

17. The Defendant went beyond harassment and almost cost the Plaintiff Ann Johnson her job by calling her at work.

18. The Defendant further violated both 15 USC §1692c (a) (1) by contacting the Plaintiff at an unusual time and place which was known to be inconvenient to the

consumer. And further violated 15 USC §1692e (11) by failing to include in their communications with the Plaintiffs the required warnings that they were a debt collectors.

19. The Defendant further violated 15 USC §1692e (11) by calling various friends, relatives, and work associates of the Plaintiff's and asking them to give messages to the plaintiff's. These messages had none of the required disclosures identifying themselves as debt collectors.

20. The Defendant further violated 15 USC §1692c(b) by revealing to those friends, relatives, and associates the existence of a debt, thereby disclosing to a third party the alleged existence of a debt concerning the Plaintiff's.

21. The Defendant further violated 15 USC §1692d (6) by the placing of telephone calls without meaningful disclosures of their identity.

22. The Defendant further violated 15 USC §1692f –preface by using an unfair and unconscionable means to collect a debt by calling the friends, relatives, and associates of the plaintiff's to try and pressure them to pay the alleged debt. Including the Plaintiff Connie Johnson's ex wife at her work place and asking her to get a hold of the Plaintiffs.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC

§1692e-preface, 15 USC §1692e (11), 15 USC §1692f - preface, 15 USC §1692c(b) and 15 USC §1692d preface and (6).

24. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

25. Plaintiffs ANN JOHNSON and CONNIE JOHNSON hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ANN JOHNSON and CONNIE JOHNSON demand judgment from the Defendants CALVARY PORTFOLIO RECOVERY, LLC. as follows:

A. For actual damages in the amount of $100,000 provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692k (2) (A);

C. For statutory damages provided and pursuant to 15 USC §1692k (2) (B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k (a) (3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
November 23, 2010

                                Respectfully submitted,

                                By: _____
                                M. Harvey Rephen, (MR3384), Esq.
                                M. HARVEY REPHEN & ASSOCIATES, P.C.
                                708 Third Avenue, 6th Floor
                                New York, New York 10017
                                Phone:   (212) 796-0930
                                Facsimile: (212) 330-7582

                                *Attorney for the Plaintiffs ANN JOHNSON and*
                                *CONNIE JOHNSON*


To:   CPS
       7 Skyline dr.
       Hawthorne, N.Y. 10532


*(Via Prescribed Service)*

Clerk,
United States District Court, Southern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

ANN JOHNSON and CONNIE JOHNSON,

                          Plaintiff(s),

-against-

CALVARY PORTFOLIO SERVICES.

                          Defendant(s).

## COMPLAINT

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (212) 330-7582*